118 ⎯ 485
s76ᴺᵂ1041
132   500
133   532
|118 ⎯485
|d136  399
118   485⎯
d139  425|

FERRIS *v.* HOME LIFE ASSURANCE CO.

LIFE INSURANCE—MISREPRESENTATION—DIRECTED VERDICT.

A life-insurance policy was based upon a written application which stated, among other things, that the applicant had never been refused insurance; nor been given an unfavorable opinion by a physician with reference thereto. In an action on the policy, the medical examiner of a benefit association testified that, prior to the application in question, he had examined decedent upon his application for membership in the order, and had found traces of Bright's disease, and had so informed him, but had withheld the report at decedent's request. There was evidence, also, that decedent had told a member of the order that he was ineligible because of the examination. The records of the lodge did not disclose the application, but it was shown that it was not the custom to record applications unless accompanied by the report of the examiner. The only evidence relied on by plaintiff to contradict this showing of misrepresentation was the statements of the insured in his application, and certain statements by the medical examiner as to the result of his examination, claimed to be inconsistent with his testimony. *Held,* that defendant was entitled to have the verdict directed in its favor.

Error to Wayne; Frazer, J. Submitted October 20, 1898. Decided November 9, 1898.

*Assumpsit* by Paulina Ferris against the Home Life Assurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Reversed.

*John W. McGrath,* for appellant.

*James H. Pound,* for appellee.

MOORE, J. The husband of the plaintiff was insured in the defendant company. The plaintiff was the beneficiary

named in the policy of insurance. After the death of the husband, the company declined to pay the insurance. The plaintiff brought suit, and obtained a judgment after a trial by jury. The case is brought here by appeal.

In 1895, the husband of the plaintiff was insured in the Michigan Masonic Mutual Benefit Association. In September, 1896, this company retired from business, and defendant company took over the insurance of Mr. Ferris, and issued to him a policy containing, among other conditions, the following:

"In consideration of the payments and the representations, agreements, and warrants made by the insured herein named in his original application made to the Masonic Life Association of Grand Rapids, Michigan, and upon which application said association issued its policy No. 6,468, which application, and the articles of association and by-laws of this company, are hereby made a part of this policy, and in further consideration of the acceptance of this policy, with the stipulations and conditions herein contained, by said insured, during his lifetime and while in good health, * * * this company does hereby issue this policy."

In the original application, signed by Mr. Ferris, were the following questions and answers:

"*Question No. 8.* Has any proposal or application to insure your life ever been made to any company or agent upon which a policy has not been issued? If so, state full particulars.

"*Answer.* No.

"*Question No. 9.* Has any physician given an unfavorable opinion upon your life with reference to life insurance? If so, state particulars.

"*Answer.* No."

Mr. Ferris died February 17, 1897. In the application it was stated the questions were truthfully answered, and that they "are considered as an essential part of the application, and as forming, with it, the basis of a proposed contract of insurance." It is claimed by way of defense that these questions were untruthfully answered, and by the answers such fraud was practiced upon the company as to avoid the policy.

The testimony on the part of the defendant showed that, in the summer of 1894, Mr. Sirrine, master workman of Eureka Lodge, A. O. U. W., took the written application of Mr. Ferris to become a member of that lodge, and delivered it to the recorder, who retained it for about three months, waiting for the medical examination to be presented; but, as it did not come, the application was destroyed. It also appears from the record that in August Mr. Ferris was examined by the medical examiner of the lodge five times. The medical examiner testified that he found traces of Bright's disease, and so informed Mr. Ferris. He said he usually informed the grand medical examiner of the result of his examinations, but did not in this case, because of the request of Mr. Ferris, who said, if the officer made the report, he could not get other insurance. The record also shows that in November, 1895, Mr. Ferris was urged by a member of Detroit Lodge, A. O. U. W., to become a member of that lodge, and told the member he was not eligible, because he had been examined by the medical examiner, who told him he had Bright's disease. The only testimony that tended in any way to lessen the force of this testimony was the answers made by Mr. Ferris to the questions in the application itself, and some statements made by the medical examiner as to the result of his examination, which it is said were not consistent with his testimony; and the further fact that the records of the lodge did not show Mr. Ferris ever applied for membership. This testimony did not tend to show the medical examiner did not make the examination as testified by him. It was also shown that no record was made of an application unless accompanied by the report of a medical examiner. The circuit judge was requested to direct a verdict in favor of defendant. He thought there was some evidence for the jury, and submitted the case to them.

It is a right which insurance companies have to be truthfully informed whether an applicant for insurance has before then applied for insurance, and been rejected,

and to know whether a medical examiner has declined to give a favorable opinion upon his application for insurance, so that the persons whose duty it is to act upon the application upon the part of the company may act intelligently. *Brown* v. *Insurance Co.*, 65 Mich. 306 ( 8 Am. St. Rep. 894 ); *Finch* v. *Modern Woodmen of America*, 113 Mich. 646. There is no testimony in the case which tends to discredit the testimony on the part of the defendant that Mr. Ferris did apply to the Ancient Order of United Workmen for insurance, and that their medical examiner advised him he was not a proper subject for insurance. The judge should have directed a verdict in favor of defendant. *Lange* v. *Perley*, 47 Mich. 355; *Corbett* v. *Spencer*, 63 Mich. 731; *Township of Medina* v. *Perkins*, 48 Mich. 67; *Dondero* v. *Frumveller*, 61 Mich. 440; *Hunt* v. *Order of Chosen Friends*, 64 Mich. 671 ( 8 Am. St. Rep. 855 ); *Gillett* v. *Knowles*, 97 Mich. 77.

Judgment reversed, and new trial ordered.

GRANT, C. J., MONTGOMERY and LONG, JJ., concurred. HOOKER, J., did not sit.