## CULVER *v.* SMITH.[1]

1. PLEADING—UNCERTAINTY—BILL OF PARTICULARS.

An objection that a contract, as stated in the declaration, is too uncertain to permit a recovery, will be disregarded, where no demurrer was interposed, and the contract is set out with sufficient definiteness in the bill of particulars.

2. CONTRACTS—EVIDENCE.

In an action on a contract the terms of which are in dispute, evidence of what was done by plaintiff thereunder is admissible.

3. EVIDENCE—LETTER BY STRANGER.

A party's testimony cannot be contradicted by a letter not shown to have been written with his knowledge, or by one having any interest in the suit.

4. SAME—WITNESSES—IMPEACHMENT.

In an action on an oral contract, a witness present when the contract was entered into testified that certain things sworn to by plaintiff were not stated in the conversation. On cross-examination he denied having stated to certain persons, at a specified time and place, that plaintiff was entitled to what he claimed. *Held*, that the testimony of such persons was properly admitted on rebuttal to contradict his denial, the jury being instructed that it bore merely on the credibility of the witness.

Error to Marquette; Stone, J. Submitted April 9, 1902. (Docket No. 26.) Decided September 17, 1902.

*Assumpsit* by Rush Culver against Franklyn H. Smith to recover a commission on the purchase of certain lands. From a judgment for plaintiff, defendant brings error. Affirmed.

*Pratt & Davis* and *Ball & Ball*, for appellant.

*Button & Culver* (*McKnight & McAllister*, of counsel), for appellee.

---

[1] Rehearing denied January 5, 1903.

Moore, J.   This suit was brought to recover a commission of 25 cents an acre, to which plaintiff claims he was entitled because of the purchase by defendant of a quan-.tity of lands and timber.   The case was tried before a jury.   The plaintiff obtained judgment.   The defendant has brought the case here by writ of error.

It is claimed the contract, as stated in the declaration, is so uncertain and indefinite the plaintiff is not entitled to recover upon it.   The material portion of the declaration is as follows:

"For that whereas, heretofore, to wit, on the first day of September, 1899, the said defendant was desirous of becoming acquainted with timber lands of the Upper Peninsula of Michigan, with a view of making purchases thereof, or of the timber thereon, for himself and others, and, being so desirous, did request the said plaintiff to show him, the said defendant, timber lands of the Upper Peninsula of Michigan, generally, including certain timber lands, or the timber thereon, that he, said plaintiff, was empowered to sell, and to give him, said defendant, information relative to such timber lands of the Upper Peninsula, the character of the timber, and the situation and desirability of the same.   And in consideration of the promise of him, said plaintiff, then and there made, to comply with the request of him, said defendant, as aforesaid, said defendant did promise and agree to and with said plaintiff that all timber lands, or the timber thereon, of the Upper Peninsula of Michigan, which might thereafter be purchased by him, said defendant, or for others through the exertions of him, said defendant, should be purchased by and through him, said plaintiff, upon which purchase or purchases he, the said plaintiff, should be entitled to a fair commission upon the purchase of such lands or timber as he, said plaintiff, was not then empowered to sell, the said lands or timber which the said plaintiff was empowered to sell being named at a price which included the commission of said plaintiff; and that, in the event of any of said lands, or the timber thereon, being purchased by and in the name of him, said defendant, or by other persons through the exertions of him, said defendant, direct from the owners thereof, and not through him, said plaintiff, that he, said defendant, would pay to him, said plaintiff, the sum of 25 cents per acre for each and

every acre so purchased. And that said plaintiff says that he, said plaintiff, did, to wit, upon the day and year aforesaid, fully perform and carry out his agreement, as aforesaid, in all respects as agreed, as aforesaid, and that the said defendant did afterwards purchase for himself, and by others, through his exertions, a large quantity, to wit," etc.

No demurrer was interposed to the declaration. A bill of particulars was filed, in which a statement was made that plaintiff's claim was founded upon a certain contract, which was set out in detail, by which plaintiff was entitled to a commission of 25 cents an acre on lands which were described in detail. The plea of the general issue was filed, with notice of set-off attached. The testimony related to the lands described in the bill of particulars. While the declaration, if demurred to, might be regarded as indefinite and uncertain, when taken in connection with the bill of particulars it could not be so regarded. No one was misled by the pleadings. They fully advised the defendant of the claim made against him by the plaintiff.

Complaint is made because testimony was permitted showing plaintiff hired a livery team, and employed men to aid in looking the lands in controversy. It is said this was not admissible under the bill of particulars. It was not claimed that defendant was liable in this action for the pay of the men or the use of the team. The testimony was received to show what was done after the plaintiff claims a contract was made. We think it was proper to show the history of the transaction, and that was the only purpose of the testimony.

It is said the court erred in excluding a letter written by Mr. Russell to Mr. Hull, which it is claimed was inconsistent with the testimony of plaintiff and with the contract sworn to by him. The testimony does not disclose that the letter was written by the direction or authority or knowledge of plaintiff. Nor does it show that Mr. Russell had any interest in the contract plaintiff claims was made, but which defendant says was not made. We think the letter was properly excluded.

The testimony discloses that, when the conversation occurred between the parties to this litigation which plaintiff claims constituted the contract, one Mr. C. was present. He was called as a witness by defendant. He was asked if certain things sworn to by the plaintiff were stated in that conversation. He replied that he heard nothing of the kind. On the cross-examination he was asked if he had not stated at a certain time and place, and in the presence of certain persons who were named, that Mr. Culver was entitled to a commission of 25 cents an acre from defendant. He denied he had so stated. Witnesses were then called in rebuttal, who contradicted Mr. C. in that regard. This is said to be error. The court allowed the testimony as bearing simply upon the credibility of the witness, and so instructed the jury. We think the testimony was admissible for that purpose.

Error is assigned upon the refusal of the court to give certain requests to charge. It would not profit any one to take these assignments of error up *seriatim*. The court gave a very careful exposition of the law applicable to the case. The serious question in the case was one of fact. The parties were in direct conflict as to what the agreement was. That question was fully and properly submitted to the jury.

What we have said in relation to the charge of the court will dispose of the error assigned because the judge refused to grant a new trial.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.