WILSON *v.* ROYAL NEIGHBORS OF AMERICA.

1. TRIAL—DIRECTION OF VERDICT—UNDISPUTED EVIDENCE.

A verdict may be directed for a party having the burden of proof only when the testimony to establish his claim is undisputed; and in this respect testimony cannot be considered as undisputed because no witness directly denies it, since cross-examination may cast doubt upon it, or other testimony may dispute it by indirection.

2. APPEAL AND ERROR—QUESTIONS CONSIDERED—EXCEPTION AND ASSIGNMENT.

Consideration will not be given a complaint regarding a colloquy between court and counsel to which no exception was saved and on which no error is assigned.

3. SAME—INSTRUCTIONS—REVIEW.

The charge will be reviewed as a whole without reference to the punctuation of the stenographer or attorneys.

4. LIFE INSURANCE—ACTIONS—FALSE WARRANTY—INSTRUCTIONS.

In an action on a life-insurance policy in which the defense was false warranty, in that insured stated in her application that she had not consulted a physician within seven years, and had never had heart disease, instructions examined and *held*, that, taken as a whole, the charge was not subject to the objection of telling the jury that they could consider insured's statement in the application as evidence of its own truthfulness.

Error to Muskegon; Russell, J. Submitted January 19, 1905. (Docket No. 74.) Decided March 21, 1905.

Assumpsit by John W. Wilson against the Royal Neighbors of America on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Affirmed.

*James A. Lombard* (*George Lovelace*, of counsel), for appellant.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp*, for appellee.

McALVAY, J. Plaintiff brings suit against defendant upon a certain benefit insurance certificate issued April 3, 1901, to Harriet B. Wilson, plaintiff's wife, for $2,000. Defendant is an Illinois fraternal insurance corporation, authorized to do business in the State of Michigan. Plaintiff is the beneficiary named in said insurance certificate. Mrs. Wilson made application for membership, in writing, March 4, 1901. She was duly examined by the local medical examiner of the society. The application was accepted, the examination approved, and the insurance certificate issued.

The application and certificate provided that the bylaws in force or thereafter enacted, the written examination, and the benefit certificate should each form a part of and constitute the contract of insurance. The truth of all the statements in the application and medical examination were made strict warranties, to form the only basis of liability on the part of the society. Mrs. Wilson died April 16, 1903, being then in good and regular standing as a member of the order. The necessary proofs of death were duly made and filed with the defendant, but payment of the claim was refused.

Upon trial in the circuit court a prima facie case in favor of the plaintiff was admitted. The defense relied upon a breach of warranty, and claimed that Mrs. Wilson, in stating in her application that she had not within seven years consulted a physician concerning any personal ailment, and that she never had heart disease, did not state the truth. Plaintiff recovered judgment for the amount claimed.

In this court two errors are relied upon: *First*, that the court erred in not directing a verdict for defendant; *second*, the court erred in instructing the jury that they might consider the statement of the applicant in her application for insurance as evidence of its truthfulness, when the truthfulness of such statement was in issue.

The first error is based upon the claim of defendant that, from the testimony of the doctor, it appeared that the ap-

plicant, Mrs. Wilson, had consulted him in regard to a personal ailment within seven years prior to making the application; that he diagnosed such ailment as valvular disease of the heart; that such testimony was undisputed, and established the falsity of her representations in her application to defendant company, and avoided liability under the benefit certificate upon which suit was brought.

To determine whether this contention is true, the court must weigh and examine all of the testimony of this witness, and decide, as a matter of law, that the testimony was undisputed, and that the trial court should have directed a verdict for defendant. We do not find that it was so clear and certain that we can say the court was in error in submitting the case to the jury. The record discloses that the doctor relied upon his memory, unaided by any record; that there was uncertainty as to dates; and that his recollection as to the age of the child was at fault. This had a bearing upon the time Mrs. Wilson was married, and consequently upon the question whether the consultations occurred within the seven years prior to the application for insurance. That she had consulted him at some time was undisputed. From the testimony, we cannot say the time when the consultations were had was not disputed. There was also other testimony in the case, bearing upon this fact, to be taken into consideration.

Testimony cannot be considered as undisputed because no witness directly denies it. Cross-examination may cast doubt upon it, or other testimony may dispute it by indirection. In the case of *Ferris* v. *Assurance Co.*, 118 Mich. 485, cited by defendant, the application for insurance stated that applicant had never made application for insurance upon a policy which did not issue, nor had he been given an unfavorable opinion by a physician with reference thereto. It was proved that he had made application to another company, and that the medical examiner had given applicant an unfavorable opinion concerning his health, and there was no other evidence in the case touching the question. This court said:

" There is no testimony in the case which tends to discredit the testimony on the part of the defendant that Mr. Ferris did apply to the Ancient Order of United Workmen for insurance, and that their medical examiner advised him he was not a proper subject for insurance. The judge should have directed a verdict in favor of defendant."

To the same effect in *Lange* v. *Perley*, 47 Mich. 355, it was said:

" When there is no contest concerning a point of fact, and it stands virtually conceded, it is a clear impropriety to ask or lead the jury to view it otherwise."

These cases are not in point, for the reason that in the case at bar, as we have already indicated, the testimony of the doctor was not undisputed.

The other error assigned refers to the claimed instruction to the jury that they might consider the statement of the applicant in her application for insurance as evidence of its truthfulness, when the truthfulness of such statement was in issue. The portion of the charge in which the instruction occurs reads as follows:

" The defendant attacks the claim made here on the part of the plaintiff and says that at the time this application was made by Mrs. Wilson, certain statements were made in that application which were in conflict with the truth, and that by reason of that being so, this policy is void. It is conceded on both sides that if the claim of the defendant is true, that those statements were in conflict with the truth, that the plaintiff cannot recover in this case. One of those questions in substance is that Mrs. Wilson had not for seven years prior to the 4th day of March, 1901, consulted a physician upon any question with reference to an ailment to herself. Now, it is necessary, gentlemen, in viewing this controversy, to examine this contract, and these questions form part of the contract, fairly and honestly, and interpret them reasonably, and in this particular case it is conceded on the part of the defendant that when they say that she had not consulted—when she says that she had not consulted a physician, that it does not apply and was not intended to apply to slight temporary ailments but it was something that was of importance,

and in this particular case the claim is that it applies to the question of heart difficulty. They claim that she stated, and she did state in that contract that she had not during the seven years prior to the 4th day of March, 1901, consulted a physician with reference to a heart difficulty that they claim she had for that time and longer. You have heard the testimony of Dr. Marvin on that point. You have heard the testimony of Mr. Wilson. You have heard the testimony of the other physician. You know all of the attendant circumstances, and it is for you gentlemen to say what the real facts were with reference to that matter. You have heard her statement as given in the application. If you find that she had consulted a physician within the seven years with reference to this ailment, the difficulty of the heart, that will dispose of this case, and it won't be necessary to investigate the matter farther."

The words complained of are, "You have heard her statement as given in the application." There is no fault found with the charge as given immediately following:

"If you find that she had consulted a physician within the seven years with reference to this ailment, the difficulty of the heart, that will dispose of this case."

In both reply briefs, considerable stress is laid upon the punctuation. On the part of the appellant it is claimed that the part of the charge complained of and the last above quotation were given in two distinct sentences, and that the fair construction of this part of the charge is that the court submitted the application to be considered by the jury as evidence of its truthfulness. The other side claims that the punctuation should be simply a comma, and that the first part of the sentence simply called the attention of the jury to the fact that the truthfulness of her statement was attacked.

Appellant further claims that the statement of the judge when the motion was made to instruct the jury to find for the defendant indicates that the court held this application could be considered as evidence of its truthfulness. After this motion was argued at length, the following colloquy took place:

" *The Court:* I don't believe that will hardly do.   I will have to overrule the application, with the evidence of Dr. Marvin as it appears, taking into consideration Mr. Wilson's testimony, and the affidavit made by this party at the time of application.   I don't hardly believe it will do.

" *Mr. Lombard:* I don't know as I understand the affidavit you refer to.

" *The Court:* Well, the application of the party, I mean."

The exception taken at this time would indicate that it was to the refusal to grant the motion.   There is a dispute between counsel as to whether this occurred in the presence of the jury.   This is not so important as the fact that no exception was taken to what was said, and no error is assigned upon it.   This court has always held that consideration will not be given to matters not included within the assignments of error.   The error assigned was predicated solely upon the language of the general charge. The charge must be taken as a whole, without reference to the punctuation of the stenographer or the attorneys. The clause in dispute must be taken in connection with what preceded it and what immediately follows.   From the whole charge, we do not find that the instruction complained of will bear the construction claimed for it by defendant.   The court had fairly submitted the case to the jury, carefully calling attention to the evidence upon matters in dispute, and then referred to the application, not as evidence, but as the thing attacked.   We find no error in this charge.

The judgment is affirmed, with costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.