BARSCHOW *v.* LAKE SHORE & MICHIGAN SOUTHERN
RAILWAY CO.

1. APPEAL AND ERROR—REVIEW—REFUSAL TO DIRECT VERDICT.

In considering the question whether a, verdict should have
been directed for defendant, the court views the testimony
in the light most favorable to plaintiff.

2. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE AP-
PLIANCES—ASSUMPTION OF RISK.

Where a servant of a railroad company met with an injury
which he would not have received except for a defect in the
engine pilot, upon which he was riding, he is not barred of re-
covery by his knowledge of a defect in a turntable which
contributed to his injury.

3. SAME — DEFECTIVE APPLIANCES — KNOWLEDGE OF MASTER —
EVIDENCE.

From the circumstance that a locomotive engine, a defect of
which caused an injury to a servant, was on its way to the
master's shops "for repairs," an inference arises that the
master had knowledge of the defect and was therefore negli-
gent in furnishing such an engine.

4. SAME—CONTRIBUTORY NEGLIGENCE—CUSTOM.

Where the servant of a railroad company was injured while
riding upon the pilot of a locomotive in accordance with a
custom and by the direction of his superior officers, the ques-
tion of his contributory negligence in so riding is for the
jury.

5. SAME—ASSUMPTION OF RISK—DEFECTS UNKNOWN TO SERVANT.

A servant employed to assist in cleaning and coaling locomo-
tives brought to a roundhouse by the engineers in charge of
them, cannot be held to have assumed the risk of injury
from a defect unknown to him in an engine he had never
before seen.

6. SAME—CONTRACT OF EMPLOYMENT.

A provision in the contract of employment of a servant
of a railroad company that before exposing himself in
working with cars, engines, etc., he will carefully examine
them, etc., only binds the servant to use care, and did not
require him to discover a defect in the pilot of an engine on
which he was riding.

7. EVIDENCE—BEST EVIDENCE—RULES OF RAILROAD COMPANY.
   Refusal to allow a witness to testify that it was against the
   rules of defendant railroad company for its servants to ex-
   pose themselves to such dangers as riding on the pilots of en-
   gines is proper, the rules being presumptively written.

8. TRIAL—INSTRUCTIONS—REFUSAL.
   There is no error in refusing instructions, the subjects of which
   are sufficiently covered by the general charge.

Error to Lenawee; Chester, J.  Submitted October 4,
1906.  (Docket No. 5.)  Decided March 5, 1907.

Case by Charles Barschow against the Lake Shore &
Michigan Southern Railway Company for personal injur-
ies.  There was judgment for plaintiff, and defendant
brings error.  Affirmed.

*Dallas Boudeman*, for appellant.

*Smith, Baldwin & Alexander*, for appellee.

CARPENTER, J.  Plaintiff recovered a verdict and judg-
ment in the circuit court.  Defendant asks us to reverse
that judgment for various reasons, which we will con-
sider in detail.

*First.* Defendant contends that the trial court should
have directed a verdict in its favor.  The consideration of
this contention requires a brief statement of the case,
which statement we make, as we should, most favorably
to plaintiff.

At the time of his injury plaintiff was employed by the
defendant in its roundhouse in the city of Adrian.  It was
his duty to assist in cleaning and coaling engines brought
to said roundhouse by the engineers who had charge of the
same upon the road.  These engines were coaled at a coal-
ing dock a short distance from the roundhouse.  About 8
o'clock on the evening of April 18, 1903, as one of these
engines, viz., engine No. 119, was passing from the sta-
tionary track to the track on said turntable, its pilot, upon
which plaintiff was standing, struck the projecting rail on

the turntable with such force as to throw plaintiff to the ground and injure him. The collision was due to the circumstance that both the turntable and the pilot were out of repair. The turntable was "lop-sided;" that is, one of its rails projected an inch or two higher than the rail of the stationary track at their junction. The defect in the pilot (caused by wearing of the boxes) was this: It was only an inch and a half above the track, while pilots on ordinary engines are four inches above the track.

Defendant contends that plaintiff assumed the risk of all danger resulting from the defective turntable, because he was fully informed of its condition. For the purpose of this opinion we assume this contention to be sound. It does not follow, however, that defendant was entitled to a verdict, for plaintiff would not have been injured—at least the jury may have so found—except for the defective condition of the engine. It may therefore be said that, notwithstanding his assumption of the risk of the defective turntable, plaintiff may still recover if he has a cause of action on account of defendant's negligence in furnishing an engine with a defective pilot. Has he such a cause of action? It is quite certain that there was evidence that defendant was negligent in furnishing the engine with a defective pilot, for the engine at the time of plaintiff's injury was on its way from Monroe to Elkhart "for repairs." From this circumstance the jury might have inferred that defendant knew or should have known of its defective condition.

It is contended that plaintiff was guilty of contributory negligence, because he was riding upon the pilot. There is testimony that he rode there in accordance with a custom and by the direction of his superior officers. Under these circumstances we think the question of contributory negligence was one for the jury.

Neither can it be said that plaintiff assumed the risk of the defective pilot. The defect was unknown to him, and it would be going too far to say that he was bound to discover it; for he had never seen the engine before. In

this connection we notice the contention of defendant that plaintiff could not recover, because in his contract of employment he had agreed—

"I will  *  *  *  before exposing myself  *  *  *  in working with or being in any manner on or with its cars, engines, machinery or tools, carefully examine the condition of all  *  *  *  machinery, tools,  *  *  *  cars, engines or whatever I may undertake to work upon or with, before I make use of or expose myself on or with the same, so as to ascertain their condition and soundness."

This agreement merely obligated plaintiff to use care. It did not require him to discover the defective condition of the pilot. I conclude, therefore, that the trial court did not err in refusing to direct a verdict for defendant.

*Second.* Many complaints are made of rulings upon the introduction of testimony. Most of these complaints relate to rulings which were entirely correct. For instance, the court refused to permit one of defendant's witnesses to testify that it was against the rules of the company for persons to expose themselves to such dangers as riding on the pilot. This decision proceeded upon the assumption that the rules were in writing. We think the trial court had a right to act upon that assumption, and, had it been unfounded, it is to be presumed that defendant's counsel would have so stated. The ruling was correct. Some of these complaints relate to rulings admitting testimony which might properly have been excluded; but it cannot be said that any of this testimony had a tendency to divert the attention of the jury from the real issue, or to lead them to an erroneous decision of that issue. In other words, the objectionable rulings were not prejudicial.

*Third.* Defendant asked the trial court to give certain requests, in which were set forth in detail the rules of the company, portions of which had no relation whatever to plaintiff's injury. Instead of giving these requests, the trial court covered the subject in a few general and appropriate words. We think this was proper. Defendant's other requests were, so far as appropriate, covered by the general charge of the court.

*Fourth.* Charge of the court. Defendant's complaints of the charge of the court, in so far as they have not already been disposed of by this opinion, are largely based upon the contention that they were not warranted by the testimony. It is a sufficient answer to say that we think they were so warranted.

*Fifth.* Refusal of the court to grant a new trial. It is contended that the trial court erred in refusing to grant a new trial upon the ground that the verdict was contrary to the law and the weight of the evidence. We think this contention is not well founded.

The judgment is affirmed.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.