CLARK *v.* NORTH AMERICAN UNION.

1. INSURANCE—FRATERNAL BENEFICIARY ASSOCIATIONS—FRAUD—APPLICATION.

In an action on an insurance certificate defended on the ground of fraud, testimony of the examining physician that he had no recollection whether the insured was asked one question which defendant claimed the insured answered falsely, also that he sometimes did not ask all of the questions set forth in the application blank, was enough to raise a doubt whether the question was asked of the insured and presented an issue for the jury.

2. SAME—RULES—CONTRACT.

Where a benefit association notified its medical examiners of its rule requiring applicants to sign a waiver of benefits, if pregnant, otherwise to reject the application, which in all cases provided that admission should be subject to all rules and regulations of the society, evidence was admissible to show the provisions of the rule.

3. SAME—WAIVER OF DEFENSES—REMEDIES.

Having rejected a claim under the policy of insurance, defendant association did not waive its defense by notifying plaintiff's attorney that he had a right to appeal to the executive committee which would meet at a designated place in Chicago, although plaintiff and his attorney attended at the time and place specified and no one representing defendant appeared.

Error to Muskegon; Barton, J., presiding. Submitted November 17, 1913. (Docket No. 137.) Decided March 26, 1914.

Assumpsit by Fred A. Clark against the North American Union upon a benefit certificate. Judgment for defendant, upon a directed verdict. Plaintiff brings error. Reversed.

*Turner & Turner,* for appellant.

*Cross, Vanderwerp, Foote & Ross (Robert S. Iles,* of counsel), for appellee.

KUHN, J. The defendant is an Illinois fraternal benefit society authorized to do business in Michigan. Plaintiff brings this suit to recover the sum of $500 upon a policy issued by the defendant on the 13th day of January, 1911, to Effie B. Clark, the wife of plaintiff, in which the plaintiff was named as beneficiary. At the time Mrs. Clark made application for membership in the association, she signed what was termed a "medical examiner's blank." The certificate issued by the company provided that the representations, statements and agreements made and subscribed to by the applicant in the medical examiner's blank were to be warranties, and were to be made a part of the contract. The medical examiner's blank contained 186 questions, of which 141 were to be answered by the applicant, and the remaining questions by the examining physician. This blank concludes with the statement:

"I hereby warrant and agree that the above answers are true in every particular, and hereunto affix my name this 22d day of December, 1910.

"[Signature of Applicant] MRS. EFFIE B. CLARK."

Printed question No. 127 in this blank is, "Are you now pregnant?" and the written answer was, "No." This blank remained in the possession of the association. Men and women are eligible to membership in the association, but a woman is not admitted to membership while she is in a state of pregnancy, unless she signs a special waiver of benefits, which releases the company in case death or disability occurs on account of the pregnancy. This was in accordance with a rule of the association, which was not promulgated, but which was to be observed by their medical examiners.

It is the claim of the defendant that on December 22, 1910, when Mrs. Clark affixed her signature to the blank, she was advanced between four and five months in pregnancy, as on May 13, 1911, she gave birth to a healthy and normal child. She died on May 18, 1911, the immediate cause of death being peritonitis, and it is claimed the predisposing cause was probably the childbirth. The defense relied on a breach of the warranty, and, at the close of the proofs, on motion of the counsel for defendant, the court directed a verdict in its favor.

It is the principal claim of the plaintiff in this court that the trial court erred in directing a verdict, because, under the circumstances disclosed by the testimony, the question of whether Mrs. Clark answered the question as stated in the medical examiner's blank should have been submitted to the jury.

Dr. Cooper, the medical examiner of the defendant association, was produced as a witness by the defendant. On cross-examination, he testified as follows:

"*Q.* Now, all these questions here, some 186 questions—you don't ask the patient, the party, all these questions, do you?

"*A.* That is not the general rule.

"*Q.* Well, you don't, as a matter of fact, do you?

"*A.* No, sir.

"*Q.* Now you don't have any recollection now whether the question was asked Mrs. Clark as to whether she was pregnant or not, have you?

"*A.* I don't know as I asked the question; no, sir. I couldn't recollect that.

"*Q.* You don't recollect any of these other 186 questions, whether they were asked and answers put down or not?

"*A.* No, sir; I don't remember that.

"*Q.* Some of these questions that are put down on the blank are answered by the party making the examination without questions to the party?

"*A.* I think that is the general rule amongst physicians.

"*Q.* You can't remember whether that was the fact in regard to the question of pregnancy or not?

"*A.* I cannot.

"*Mr. Turner:* I think that is all.

"Redirect examination by Mr. Cross:

"*Q.* Doctor, the answers to these various questions are all in your handwriting, are they not?

"*A.* Yes, sir; I think so.

"*Q.* They are supposed to be?

"*A.* Yes, sir."

The execution of the written contract was established by sufficient and undisputed evidence. The question therefore is whether the testimony of the physician above set forth raised sufficient doubt as to whether Mrs. Clark ever made a statement concerning her being pregnant as to warrant its submission to the jury. In considering this question, it must be borne in mind that Mrs. Clark is dead and cannot speak. The physician says that he is unable to say that he asked her the question upon which this controversy hinges, and that, as a matter of fact, he does not ask all the questions in the blank. Should it be conclusively presumed, in the light of this statement, that the question was asked her? In view of the well-established rule that, in directing a verdict for the moving party, the testimony should be viewed in the light most favorable to the opposing party *(Barschow* v. *Railway Co.,* 147 Mich. 226 [110 N. W. 1057]), we think an inference of fact could easily be drawn that the question was not asked her, and, where this is true, the question should be submitted to the jury. *Fox* v. *Iron Co.,* 89 Mich. 387 (50 N. W. 872) ; *Strepanski* v. *Plaster Co.,* 162 Mich. 696 (127 N. W. 706). It is not necessary that testimony be expressly denied to raise a question for the jury. It is sufficient if it is disputed by indirection, or is subject to doubt in view of cross-examination of witnesses for the party making the motion. *Wilson* v. *Royal Neighbors of America,* 139 Mich. 423 (102 N. W. 957). While it

is true that every person is presumed to have read what he has signed, we think this case comes within the rule laid down in *Temmink* v. *Insurance Co.*, 72 Mich. 388 (40 N. W. 469). See, also, *Pudritzky* v. *Knights of Honor*, 76 Mich. 428 (43 N. W. 373); *Brown* v. *Insurance Co.*, 65 Mich. 306 (32 N. W. 610, 8 Am. St. Rep. 894); *Van Houten* v. *Insurance Co.*, 110 Mich. 682 (68 N. W. 982).

Error is assigned because testimony was admitted to show the rule which was to be followed by the medical examiners in rejecting applicants unless they signed waiver in case of pregnancy. It was not necessary for this rule to be in writing and that it be promulgated. The application for membership was made subject to all laws, rules, and regulations governing the association, and it was not error to allow testimony to show the rule in question.

After the death of Mrs. Clark, the supreme president of the association advised the attorney for Mr. Clark that the claim was rejected, but that, under the laws of the association, Mr. Clark had a right to appeal to the executive committee, who would meet on the last Friday of each month at a designated place in Chicago. Accordingly Mr. Clark and his attorney went to the designated office in Chicago on the last Friday of the succeeding month, but no one appeared. Plaintiff refused to attend any other meeting, and brought suit. It is contended that this amounted to a waiver, and the case of *Reimold* v. *Insurance Co.*, 162 Mich. 69 (127 N. W. 17), is relied upon. The instant case does not come within the principle of law applicable to that case. There, after a full personal knowledge of the facts, the secretary and other officers of the company, without repudiating the claim of plaintiff, continued to deal with him as if they intended to pay the loss he claimed. This court held, where the knowledge of the claimed breaches of the policy came to the officers of the company, it was

their duty to promptly repudiate liability. Here the defendant association promptly rejected the claim, and the doctrine of waiver does not apply.

We have discussed such questions as have been raised by proper assignments of error.

For the reason given, the judgment of the trial court will be reversed, and a new trial granted.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.