### JADDATZ *v.* GRACE HARBOR LUMBER CO.

1. EVIDENCE—TROVER AND CONVERSION—ADMISSIONS—APPLICATION FOR AUTOMOBILE LICENSE.

 In an action of trover by plaintiff wife for the conversion of an automobile taken by defendants under an execution issued against the husband, a certified copy of the application for an automobile license, made by the husband, not in the presence of plaintiff, and in the absence of testimony that she authorized it to be so issued, was properly excluded by the trial judge.

2. SAME—HEARSAY—CORRESPONDENCE.

 A letter from the secretary of State to the defendants' attorneys advising them that the automobile license was taken out in the name of the husband was properly excluded as hearsay.

3. TRIAL—VIEW OF PROPERTY—DISCRETION OF COURT.

    It was not error for the court to refuse defendants' request to allow the jury to view the automobile, which had been in defendants' possession for several months; such view not being a matter of right but within the discretion of the court.

4. SAME—EXECUTION—OWNERSHIP OF AUTOMOBILE—DIRECTED VERDICT.

    It was error for the trial court to direct a verdict for plaintiff on the question of ownership, in view of the use made by the husband of the automobile, and testimony that plaintiff had said it belonged to him.

Error to Wayne; Wiest, J., presiding. Submitted October 10, 1916. (Docket No. 96.) Decided December 22, 1916.

Trover in justice's court by Anna Jaddatz against the Grace Harbor Lumber Company and another. There was judgment for defendants and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendants bring error. Reversed.

*Wilkinson, Routier & Hinkley,* for appellants.

*Jonas B. Houck,* for appellee.

MOORE, J. This is an action of trover begun in justice's court to recover for the unlawful conversion of a Flanders automobile, said automobile having been taken from plaintiff's possession by defendant Bateson under an execution issued in the case of *Grace Harbor Lumber Co.* v. *Gustave Jaddatz,* plaintiff's husband. The plaintiff claimed to have bought and paid for the automobile. The defendants claim the automobile belonged to the husband. The trial judge instructed the jury that the ownership of the automobile was not an open one under the proofs, and that the only question for them was the question of damages. From a verdict and judgment in favor of the plaintiff, the case is brought here by writ of error.

It is said the court erred in refusing to receive in evidence a certified copy of the application for an automobile license made by the husband. There is no claim this application was made in the presence of the plaintiff, and there is no testimony that she authorized it to be issued to her husband. See section 10213, 3 Comp. Laws (3 Comp. Laws 1915, § 12555).

It was not error to exclude a letter from the secretary of State for the reason that it was hearsay. *Culver* v. *Smith*, 131 Mich. 359 (91 N. W. 608).

It is said the court erred in refusing the request of counsel to allow the jury to go and see the automobile which was brought to the vicinity of the courthouse. The automobile had been in the possession of defendants some months before the trial. Justice GRANT, in *Leidlein* v. *Meyer*, 95 Mich. 586 (55 N. W. 367), speaking for the court in relation to a similar request, said:

"Such view is not a matter of right, but was in the discretion of the court. It was not therefore error to refuse it."

We now come to a more serious question, and that is: Did the court err in declining to submit the question of ownership to the jury? The officer who took the automobile testified that at the time of his going to the Jaddatz home to make the levy Mrs. Jaddatz said: "You must not take that machine. It belongs to my husband." He asked her who took out the license, and she replied: "I took out the license." It is true Mrs. Jaddatz denied this; but, when taken in connection with the use made by the husband of the automobile, we think it presented a question of fact for the jury. *Clark* v. *North American Union*, 179 Mich. 131 (146 N. W. 336).

For this reason the case is reversed, and a new trial granted, with costs to defendants.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.