ULRYCH v. GENERAL ACCIDENT GROUP.

1. TRIAL—DIRECTED VERDICT—BURDEN OF PROOF—EVIDENCE.
    Verdict may be directed for party having burden of proof only when the testimony to establish his claim is undisputed.

2. SAME—DIRECTED VERDICT—DISPUTED TESTIMONY.
    Testimony, for purposes of directed verdict, cannot be considered undisputed merely because no witness directly denies testimony, since cross examination may cast doubt upon it or other testimony may dispute it by indirection.

3. SAME—DIRECTED VERDICT—SETTLEMENT AGREEMENT—AUTHORITY.
    Directed verdict for plaintiff in action on settlement agreement *held*, error, where, even though defendant did not present proof, cross examination of plaintiff's witness had cast doubt upon whether or not plaintiff's then attorney knew defendant insurer's agent had authority to effect the settlement.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 357, 359.
[2] 53 Am Jur, Trial §§ 361, 362, 368.
[3] 53 Am Jur, Trial §§ 361-363.

Appeal from Wayne; Brennan (Thomas E.), J. Submitted Division 1 February 10, 1966, at Detroit. (Docket No. 922.)   Decided May 11, 1966.

Complaint by Chaja Ulrych against General Accident Group for breach of an alleged settlement agreement for claims arising out of an automobile accident April 25, 1961.   Directed verdict and judgment for plaintiff.   Defendant appeals.   Reversed and remanded.

*Albert Lopatin (Norman L. Zemke, of counsel), for plaintiff.*

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Peacock, of counsel), for defendant.*

WATTS, J.   This action arose as the result of a 2-car collision on April 25, 1961.   Plaintiff Chaja Ulrych was a passenger in one of the vehicles, and she sustained injuries as a result of the accident. Plaintiff Ulrych hired Mr. Earl Sherman as her attorney to act in her behalf regarding claims arising from the accident.   The defendant insurance company represented the owner of the second vehicle, that is, the one in which plaintiff Ulrych was not riding.

The problem here revolves around certain negotiations made between plaintiff's attorney, Mr. Sherman, and Mr. Douglas Pett, who was an agent for the defendant insurance company.

Plaintiff alleges that an agreement to settle the plaintiff's personal injury claim was agreed on between Mr. Sherman and Mr. Pett for the sum of $1,000, and that this settlement was satisfactory to plaintiff Ulrych.   Defendant on the other hand denies in his answer that Mr. Pett had any authority to enter into any settlement.

On appeal the defendant admits that Mr. Pett was an agent of the General Accident (Insurance) Group and admits that he talked to Mr. Sherman in Mr. Sherman's office relative to Mrs. Ulrych's accident. Defendant says that Mr. Pett had no authority to settle any case for more than $500 and that he never agreed to a settlement of $1,000.

Mr. Sherman and Mrs. Ulrych were the only witnesses who testified. Mr. Sherman was cross examined extensively by defendant's counsel. After plaintiff's presentation, defendant's counsel sought to offer in evidence the discovery deposition of Mr. Pett taken by the plaintiff's counsel. The trial court refused to admit the deposition, stating that defendant had not complied with certain court rules containing mandatory language relative to filing.

After denial of admission of the deposition and the indication by defendant that it intended to offer no other proofs, plaintiff moved for a summary judgment or directed verdict. While there seems to be confusion in the testimony as to the use of the terms "summary judgment" and "directed verdict" on the part of counsel and the court, the court's order was for a directed verdict in the sum of $1,000 in favor of the plaintiff.

On appeal both parties agree on the questions involved. They are: (1) Did the trial judge err in granting plaintiff's motion for a directed verdict based upon a contention that there was no question of fact for the jury? (2) Did the trial judge err in refusing to allow into evidence the reading of the deposition of one Douglas Pett, witness for the defendant?

We find it unnecessary to consider the second question, since the case may be resolved on the first. We hold that it was error on the part of the trial judge to direct a verdict in the light of the testimony

brought out during cross examination of Mr. Sherman. During that cross examination, answers to certain questions he had been asked at the taking of a previous deposition were read into evidence and identified by Mr. Sherman as his own. The differences, uncertainties, and contradictions raised between answers given during testimony and those identified as having been given on deposition raise strong and definite questions of fact. These questions are raised notably in respect to Mr. Sherman's understanding of whether or not Mr. Pett was authorized to settle, and the extent of that authorization, if in fact it existed. Mr. Sherman's testimony on direct examination, on cross examination, and in identifying answers given during deposition, clearly raises a question as to exactly what took place in Mr. Sherman's office during the negotiations between Mr. Sherman and Mr. Pett on August 18, 1961.

The fact that defendant was not allowed to offer proofs after plaintiff's proofs were admitted into evidence does not mean that there was no fact question which should have been decided by a jury. That proposition was settled long ago by the Michigan Supreme Court in *Wilson* v. *Royal Neighbors of America* (1905), 139 Mich 423, which held that a verdict may be directed for a party having the burden of proof only when the testimony to establish his claim is undisputed. In this respect testimony cannot be considered as undisputed because no witness directly denies it, since cross examination may cast doubt upon it or other testimony may dispute it by indirection. Clearly in the instant case, a fact question was raised by the cross examination.

Reversed and remanded for a new trial. Costs to the defendant.

J. H. GILLIS, P. J., and FITZGERALD, J., concurred.