REGAN, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*February 2 — May 2, 1893.*

Railroads: Injury to person at street crossing: Contributory negligence: Court and jury.

> Plaintiff was injured at night on a sidewalk crossing defendant's tracks. There were several tracks running north and south across the street, and plaintiff who was going west had stopped between the rails of the east track and was watching a train going south on the next track when he was struck by an engine coming from the south on the east track. The testimony tended to prove, among other things, that plaintiff did not know that he was on the track, but supposed the train going south was upon the east track, and therefore did not look to the south for an approaching train or engine; that the sidewalk was planked on a level with the tops of the rails, and that a person might walk over the rails in the night without discovering them. *Held*, that the question of contributory negligence was one for the jury.

APPEAL from the Circuit Court for *Dane* County.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant's employees. The facts are sufficiently stated in the opinion.

*H. W. Chynoweth*, for the appellant, to the point that as a matter of law the plaintiff cannot be said to have been guilty of contributory negligence, cited *Valin v. M. & N.*

*R. Co.* 82 Wis. 1; *Wheelock v. B. & A. R. Co.* 105 Mass. 203; *Hahn v. C., M. & St. P. R. Co.* 78 Wis. 396; *Piper v. C., M. & St. P. R. Co.* 77 id. 247; *Siegel v. M. & N. R. Co.* 79 id. 404; *Duame v. C. & N. W. R. Co.* 72 id. 523; *Loucks v. C., M. & St. P. R. Co.* 31 Minn. 526; *Maryland Cent. R. Co. v. Neubeur,* 62 Md. 391; *St. Louis, V. & T. H. R. Co. v. Dunn,* 78 Ill. 197; *Wheeler v. Westport,* 30 Wis. 392; *Fehnrich v. M. C. R. Co.* 87 Mich. 606; *Winchell v. Abbot,* 77 Wis. 371; *Bare v. Penn. R. Co.* 135 Pa. St. 95; *Kan. Pac. R. Co. v. Richardson,* 25 Kan. 391; *Chaffee v. B. & L. R. Corp.* 104 Mass. 108; *French v. Taunton B. R.* 116 id. 537; *Casey v. N. Y. C. & H. R. R. Co.* 78 N. Y. 518; *Haycroft v. L. S. & M. S. R. Co.* 64 id. 636.

For the respondent there was a brief signed by *Gregory & Gregory,* attorneys, and *Geo. W. Bird, John T. Fish* and *Burton Hanson,* of counsel, and the cause was argued orally by *Mr. Bird.* They contended that there were no facts proven from which it can be reasonably inferred that the engine approached the crossing without giving the usual and proper signals, or that it was negligently run. *Muster v. C., M. & St. P. R. Co.* 61 Wis. 325; *Bohan v. M., L. S. & W. R. Co.* id. 391. The appellant was conclusively shown to have been chargeable with negligence contributing to the injury, and therefore not entitled to recover. *Delaney v. M. & St. P. R. Co.* 33 Wis. 67; *Woodard v. N. Y., L. E. & W. R. Co.* 106 N. Y. 369; *Goldstein v. C., M. & St. P. R. Co.* 46 Wis. 404; *Lockwood v. C. & N. W. R. Co.* 55 id. 50; *Schilling v. C., M. & St. P. R. Co.* 71 id. 255–260; *Daniels v. Staten Island R. T. Co.* 125 N. Y. 407; *Nixon v. C., R. I. & P. R. Co.* 51 N. W. Rep. (Iowa), 157; *Tierney v. C. & N. W. R. Co.* id. 175; *Young v. N. Y., L. E. & W. R. Co.* 107 N. Y. 500; *Tucker v. N. Y. C. & H. R. R. Co.* 124 id. 308; *Seefeld v. C., M. & St. P. R. Co.* 70 Wis. 216; *Williams v. C., M. & St. P. R. Co.* 64 id. 1; *Schmolze v. C., M. & St. P. R. Co.* 83 id. 659; *Hansen v. C., M. & St. P. R.*

*Co.* id. 631; *Maxey v. Missouri Pac. R. Co.* 113 Mo. 1; *Wilds v. H. R. R. Co.* 24 N. Y. 430; *Ehrisman v. East Harrisburg C. P. R. Co.* 150 Pa. St. 180, 17 L. R. A. 448;

The following opinion was filed February 21, 1893.

LYON, C. J. When about to cross certain tracks of the defendant railway company in the city of Milwaukee, the plaintiff was injured by a passing locomotive engine, and brought this action to recover damages for such injuries, alleging in his complaint that the same were caused by the negligence of the employees of the defendant company in running and operating such engine. After the testimony was all in, the court directed a verdict for defendant on the sole ground that the testimony proved conclusively that the negligence of plaintiff contributed directly to the injury complained of. This appeal is by the plaintiff from the judgment entered pursuant to the verdict thus directed.

In the arguments of the learned counsel for the respective parties the facts are stated with considerable particularity of detail. A more brief statement of them here will sufficiently show the grounds of our judgment.

On March 14, 1891, the plaintiff was, and for five years theretofore had been, employed in a linseed oil mill standing on the northeast corner of the crossing of Florida street, extending east and west, and Barclay street, extending north and south, in the city of Milwaukee. Each alternate week he worked Saturday night until midnight. He lived a mile west or northwest of the mill, and was accustomed to travel different routes between the mill and his residence, but more frequently traveled along the north sidewalk of Florida street, which crossed the railroad track upon which he was injured. Four tracks of defendant's railroad, laid from ten to fifteen feet apart, and extending nearly north and south, crossed Florida street less than ten rods west of the mill. Witnesses testify that the distance

from the southwest corner of the mill west to the east rail of the east track is 154 feet — sixty feet of which is included in the crossing of Barclay street. From the mill to a point fifty-five feet west the view of the railroad tracks south of the crossing by a person going west on Florida street is entirely obscured by a building. For the next eleven feet such person can see a distance of 2,900 feet — or over one half mile — south on such tracks, when the same are unobstructed. Then the view is again obstructed until a point within four feet of the track is reached. From that point such track, if unobstructed, can be seen to the south nearly fifteen rods, and at the track about eleven rods.

On Saturday night, March 14, 1891, plaintiff worked in the mill until midnight, when he started for home in company with a fellow workman, traveling west on the north side of Florida street. They walked rapidly, and the night was quite dark. There was a gaslight at the northwest corner of the Florida and Barclay street crossing, opposite the mill, and an electric light at the crossing of Clinton and Florida streets, about 150 feet west of the railroad crossing. The testimony tends to prove that in walking over the eleven-feet space from which the railroad tracks could be seen 2,900 feet south, the plaintiff looked constantly in that direction for approaching trains. But when he reached the point from which he could have seen fifteen rods to the south had the tracks been clear he did not look in that direction, for the reason that a freight train was passing south on one of the tracks, and the plaintiff thought it was on the most easterly track,— that is, on the track nearest to him,— in which case it was useless to look south for approaching trains or engines. So he watched the train that was passing, looking to the north to discover when it would uncover the sidewalk upon which he was traveling. This train was in fact on the track next west of the east track.

The plaintiff stopped between the rails of the east track, waiting for that train to pass, but did not know that he stood between the rails of the track. While standing there, a yard or helper engine, with only a tender attached, and running backwards, came along from the south on the east track, ran against the plaintiff, threw him from the track, and inflicted the injuries complained of. There was a rear light on the north end of the tender. A conductor, engineer, and fireman were on the engine, but neither of them saw the plaintiff or his companion, or knew that any one had been injured, until informed of it later. As the result of the injury, one of plaintiff's legs was necessarily amputated.

Under many decisions of this and other courts, had the accident happened in the daytime, the failure of the plaintiff to know that he stood between the rails of the east track, and to look to the south for an approaching train or engine, would doubtless be held contributory negligence on his part which would defeat a recovery. But the accident happened in the night-time, and the testimony tends to prove that the plaintiff did not know that he was between the rails of the east track, but supposed the train passing south was on that track, and that he was in no peril of being run over by a train or engine coming from the south. The question is, Was it consistent with the requirements of ordinary care on the part of the plaintiff that he should have been thus mistaken as to which track the train going south was running upon? The crossing of the east railroad track through the sidewalk was planked on a level with the tops of the rails, with only the necessary openings between the planks for the rails and the flanges of the car wheels; and, although there is testimony to the effect that the electric light at the Clinton street crossing, shining between and under the cars of the passing train, disclosed plainly the location of the rails of the

east track, yet the testimony tends to prove that a person might, if for any cause his attention was diverted, pass over the rails of that track in the night-time without discovering their presence and without being necessarily guilty of negligence because of his failure to discover them. Distance, and the relative location of different objects, which would be certainties to one who gave proper attention to them in the light of day, are frequently unavoidably confused and deceptive in the darkness of the night, and errors in respect to them, which would not be tolerated if committed upon a day view, may, under certain circumstances and conditions, be excused if such view be had in the night-time.

True, the plaintiff was very familiar with the railroad crossing in question, and knew that many trains passed over it in both directions daily and nightly. He also knew that a flaghouse on the north side of Florida street, abutting the sidewalk, stood near the track, and is probably chargeable with knowledge that he had passed the flaghouse several feet when he stopped for the train to pass him. The west end of the flaghouse was three and one half to four feet east of the east rail of the east track. It is claimed that the plaintiff is chargeable with knowledge of its close proximity to the track because of his familiarity with the place. He denies knowledge that it was so near. No good reason appears why he should have accurate knowledge on the subject, and it would be unreasonable to charge him therewith. If a person, with average observation and attention to his surroundings, should attempt, without special examination, to give the size, style, or exact relative location of buildings or structures which he has passed daily for years, but to which his attention has not been particularly called, he will find how little accurate knowledge of such matters is usually acquired by mere familiarity with them. For example, the conductor of the helper engine which ran against the plaintiff, upon which

engine he had been riding daily for four years, found it very difficult to make an approximate estimate of the length of his engine. He could only say he guessed it was thirty-five feet,— thirty-five or forty feet,— and declared that he could not estimate its length any closer.

There was testimony on the part of the defendant to the effect that at night the iron rails at the crossing shone in the light of the Clinton street electric light, and it is claimed that the plaintiff ought to have seen the rail when he crossed it. Also that all trains coming north went upon the east track, and those going south upon the track of the crossing next west thereof, and it is claimed that plaintiff ought to have known the usage, and is chargeable with knowledge that the train moving south was on its proper track. But the testimony is conflicting as to the light shining on the rails, and the plaintiff testified that he had seen south-bound trains on the east track, and supposed they were usually run thereon.

While it must be conceded there is much testimony tending to prove that plaintiff was guilty of negligence which contributed directly to the injury of which he complains, yet, in view of the foregoing considerations, we are unable to say that such negligence is conclusively proved. Hence we conclude that the learned circuit judge erred in directing a verdict for defendant railway company, which direction was given upon the sole ground that such contributory negligence on the part of the plaintiff was conclusively proved. No other question seems to be involved in this appeal, and none other was argued.

Each case of this character depends so essentially upon its own particular facts, and the law governing such cases being perfectly well settled, we have not deemed it necessary to refer to the adjudications in support of our judgment herein. Many of them, however, are cited in the briefs of the respective counsel.

Because of the conditions that the accident happened in the night, and the plaintiff thought the passing train was on the track nearest him, it is doubtful whether the inference of negligence should be drawn from his failure to look south for an approaching train or engine, or from his mistake as to where he was standing. It seems proper that such doubt should be solved by a jury.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.

A motion for a rehearing was denied May 2, 1893.