SANFORD MCDUFFIE v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

*Railroad companies—Accident at crossing—Contributory negligence.*

1. The testimony of witnesses that they were giving attention to the approach of an engine, and were listening for the whistle, and that no whistle was sounded or bell rung, is positive and certain in its character, and, if believed by the jury, warrants them in finding that the signals were not given.[1]

2. A driver who stopped his team when within 12 feet of a railroad crossing. and at a point from which, had he looked, he could have seen an approaching engine but for the smoke and steam emitted by another engine standing on a side track near by, which obstructed his view, and who testifies that he looked and listened, and neither saw the approaching engine nor heard the ringing of its bell or sounding of its whistle, cannot be said, as matter of law, to have been guilty of contributory negligence in attempting to make the crossing.[2]

Error to Lenawee. (Lane, J.) Argued December 14 and 15, 1893. Decided January 5, 1894.

[1] See *Shufelt v. Railroad Co.*, 96 Mich. 327, for a discussion of the question here involved.

[2] For cases bearing upon the duty of looking and listening before crossing a railroad track, see *Gardner v. Railroad Co.*, 97 Mich. 240, 241, and note.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. E. Weaver* (*George C. Green* and *O. G. Getzen-Danner,* of counsel), for appellant.

*Watts, Bean & Smith,* for plaintiff.

LONG, J. Plaintiff recovered judgment on the trial in the court below for injuries which he claims to have received by reason of defendant's negligence.

The record shows that on December 28, 1891, in driving across the railroad track of defendant with a team attached to a lumber wagon, plaintiff was struck by an engine, causing the injury complained of. The negligence alleged in the declaration is that defendant was running a wild engine over its road at a dangerous and reckless rate of speed, and passed this crossing without giving the signals required by the statute; that cars were left standing on a side track, with an engine attached; and that these cars, and the smoke and steam issuing from the engine attached thereto, obstructed plaintiff's view in making the crossing.

Defendant's counsel contend that there was no evidence worthy of consideration showing that the bell was not rung or whistle sounded, and that, therefore, the court was in error in submitting that question to the jury. We think the record contains abundant evidence to go to the jury upon that question. While the train hands, and some others, testified that these signals were given, yet the plaintiff, upon his part, introduced witnesses who testified that they were giving attention to the approach of the engine, and some of whom say "listening for the whistle," yet no whistle was sounded or bell rung. This testimony is not negative in its character, but is positive and certain, and, if believed by the jury, warranted them in finding that the signals were not given.

The second point of contention is that the plaintiff was negligent in crossing. The highway in question extends north and south through the village of Clayton, crossing the railroad track at right angles. On the day of the injury, the plaintiff had brought to the village a load of wood upon his wagon, unloaded it, and started to return home. Upon the wagon, which was a low one, was a wood rack. He was standing, and driving slowly southward. About 50 feet north of the track, and upon the west side of this highway, was a store building. After passing that building, and when about 12 feet from the track, plaintiff testified that he stopped his team, and looked up and down the track, and listened; that the engine on the side track was blowing off steam, and the smoke from it covered the ground, so that his view was obstructed to some extent, not only by the train standing there, but by this smoke and steam; that, seeing or hearing no train, he started forward again, and his wagon was passing over the track when it was struck by the engine, and he was seriously injured.

Upon this point the court instructed the jury, substantially, that it was the duty of plaintiff to use his senses to discover whether a train was approaching which would make it dangerous for him to cross; that he should have listened; that he should have looked, if there was an opportunity for him to do so; and if the circumstances were such that an ordinarily careful and prudent man would not have thought it safe for him to attempt to cross, with the opportunities which he had for ascertaining whether a train was coming, staying in his wagon, then the plaintiff should have taken such other steps as an ordinarily careful and prudent man would have taken to save himself from impending danger; that a railroad track is itself a notice of danger to a person approaching it; that he must take notice that it is a dangerous place, and

must exercise that care and prudence which the ordinarily careful and prudent man would take, who was crossing, to protect himself from danger; and that, if the plaintiff did not exercise that degree of care and prudence, then he was guilty of contributory negligence. These instructions were reiterated in another portion of the charge, and the question of plaintiff's due care fully and fairly left to the consideration of the jury.

We think it cannot be said, under the circumstances here stated, that the court could determine, as matter of law, that the plaintiff was guilty of contributory negligence. It is true that in approaching the crossing, and for several hundred feet before reaching it, the plaintiff had an unobstructed view for a long distance westward, except as his view was obstructed by this store building, the train standing upon the side track, and the smoke and steam emitted by the engine attached to it. From 40 to 60 rods west of the crossing, the railroad track passed through a cut of some depth. Westward of the cut, a person located a few hundred feet north of the crossing could not see an engine approach. The proofs show that this engine was run at a great rate of speed, and it can be readily assumed that the reason the plaintiff did not see it before passing the store building was that it was westward of the cut. After passing that building, he took the precaution to stop his team, and look up and down the track, and listen for the approach of a train. It is undoubtedly true that at this point plaintiff's view was not so obstructed by the train on the side track, which consisted of the engine and tender, a box car, and a long line of flat cars, but that if he had looked he might have seen the engine approaching him, had it not been for the smoke and steam emitted by the engine; but, with this smoke and steam obstructing his view, it is quite easy to understand that he might have looked, and yet not seen the engine approaching. With this obstruc-

tion to his view, it became his greater duty to exercise his sense of hearing.   This he claims to have done, and the question was submitted to the jury whether he did or did not observe that care which an ordinarily careful and prudent man would have exercised under the circumstances.   If the bell had been rung or whistle sounded at the places required by the statute, one situated as the plaintiff was, and giving his attention, and listening for it, might have heard it.   At least, it was a question for the jury to determine; and it cannot be said, as matter of law, that he was guilty of contributory negligence in attempting to make the crossing as he did.

We have examined the charge carefully, and do not find that the court misstated the law applicable to the case. The charge was very full and fair, and by it the court. protected all the rights of the defendant company.   We find no error in the record.

Judgment is affirmed.

The other Justices concurred.