BUCKLEY *v.* FLINT & PERE MARQUETTE RAILROAD CO.

1. RAILROADS — CROSSINGS — INJURY TO PEDESTRIAN — CONTRIBU-
   TORY NEGLIGENCE.
     A pedestrian who knowingly passed through the gates that
     guarded a railroad crossing, with which she was familiar, and
     who, after standing for 10 minutes on one of the main tracks,
     awaiting a chance to cross a track farther on, which she
     found obstructed, was struck by a train and injured, was
     guilty of negligence, even though, by reason of the dark-
     ness of the night and escaping steam, she was unable to
     distinguish the tracks or approaching trains, and supposed
     she was standing in a place of safety; it being her duty, under
     the circumstances, sooner to make sure of her position.

2. SAME—GROSS NEGLIGENCE—EVIDENCE.
     That the fireman and engineer of a railroad train which on a
     dark night struck and injured plaintiff, who was negligently
     upon the track, testify, in an action to recover for her
     injuries, that they ought to have seen her if she was upon
     the track, but did not see her, although they were keeping
     watch, is not sufficient evidence of gross negligence to war-
     rant a recovery notwithstanding plaintiff's contributory neg-
     ligence.

Error to Saginaw; Wilber, J.   Submitted January 27,
1899.   Decided March 23, 1899.

Case by Mary Buckley against the Flint & Pere
Marquette Railroad Company for personal injuries.   From
a judgment for defendant on verdict directed by the court,
plaintiff brings error.   Affirmed.

*John F. O'Keefe* (*George W. Weadock,* of counsel),
for appellant.

*Hanchett & Hanchett,* for appellee.

MOORE, J.   Plaintiff sued the defendant to recover
damages for injuries received by her upon a street railroad

crossing. The circuit judge directed a verdict in favor. of the defendant, upon the ground that the negligence of plaintiff was such that she was not entitled to recover. It is claimed by plaintiff:

*First.* That the question of the negligence of the plaintiff was for the jury.

*Second.* That, even though the negligence of plaintiff contributed to her injury, she was entitled to recover, because of the gross negligence of defendant.

The record shows that, at the time of the injury, 12 tracks of the railroad company crossed Wadsworth street. This crossing is 136 feet east of Fourteenth street. Approaching the railroad crossing from Fourteenth street, the first track is the main track for outbound trains. The second track is the main track for inbound trains. The other tracks are used for freight purposes. There was a sidewalk on the north side of Wadsworth street, from Fourteenth street, going east, which extended to the first railroad track. The planking then extended south between the rails of the first track until it reached the planking of the roadway in the middle of the street. This roadway was planked with planking 32 feet wide. The planking commenced west of the first track, and extended east until all the tracks were passed. There was a gate across the highway, just west of the first track, but it did not extend across the sidewalk.

According to the case made by the plaintiff, she was a woman in good health, about 52 years old, who for about six weeks had lived three blocks east of the railroad tracks, and had passed over them several times prior to the day of the injury, which occurred upon the 31st day of March. About half past 5 or 6 o'clock, she left her house, and passed over these tracks, going to the house of Mrs. Winston. It was then daylight. The hearing of plaintiff was good, but she was somewhat nearsighted. Prior to living where she did at the time of the accident, plaintiff lived for a long time two doors away from the Seventh-street crossing, where there were more tracks than at Wads-

worth-street crossing, and had been in the habit of going upon the right of way, and picking up pieces of coal and fuel which had dropped from passing trains. She testified that upon the night in question, at about half past 7 o'clock, when it was quite dark, she came east from Fourteenth street, on the sidewalk, until she reached the railroad. She noticed the gate was up, and followed the sidewalk until the planking turned to the south, when she followed it to the planking in the highway. She then went a little farther east, when she found they were switching cars east of her on the freight tracks, and she waited for an opening in the train, so that she could go home. She says the bumping of the cars and the escaping of the steam of the locomotive made a good deal of noise, and obscured her vision; that she looked and listened for any train that might come in, and saw and heard none; that she supposed she was in a place of safety when she was struck and hurt. She says she does not know where she was standing when she was struck. One of her witnesses says she was standing upon the second track, and stood there for 10 or 15 minutes, and was struck by the incoming train. It also appeared that the planking between the rails and between the tracks was about even with the rails of the several tracks. There was a very considerable space between these various tracks.

It is claimed by counsel that plaintiff was deceived by the evenness of the planks between the rails, and supposed she was standing in a place of safety, when she was in fact standing on the track; and they insist that it should have been left to the jury to say whether what was done by plaintiff was consistent with the requirements of ordinary care, or whether she was guilty of contributory negligence,— citing *Regan* v. *Railway Co.*, 85 Wis. 43; *West* v. *Railroad Co.*, 32 N. J. Law, 91; *Chicago, etc., R. Co.* v. *Hansen*, 166 Ill. 623; *Greany* v. *Railroad Co.*, 101 N. Y. 419; *Wilson* v. *Railroad Co.*, 132 Pa. St. 27. These cases are either easily distinguished from the case at bar, or are

not in harmony with a long line of decisions in this court.

Counsel also cite *Cooper* v. *Railway Co.*, 66 Mich. 261 (11 Am. St. Rep. 482); *McDuffie* v. *Railway Co.*, 98 Mich. 356; *Lonis* v. *Railway Co.*, 111 Mich. 458; *Tobias* v. *Railroad Co.*, 103 Mich. 330; *Willet* v. *Railroad Co.*, 114 Mich. 411. These cases are none of them in point. Before entering upon the track, the persons injured had done what the law required, and when attempting to cross were at once injured. In the case at bar, the plaintiff knew when she entered through the gate that guarded the railroad tracks; she knew she was in a place of danger, where trains were liable to pass and repass; she knew of the existence of the tracks in the vicinity of where she stood, and that the railroad crossing was a place of danger; and, without making certain that she was standing in a place of safety, she stood inside of the gate, and, according to the testimony of her witness, remained upon one of the main tracks of the crossing for 10 or 15 minutes, until she was struck and injured. According to all the testimony, she was so near this track as to be struck by the passing train. If this did not constitute negligence, it would be difficult to find a case of negligence. *Brady* v. *Railroad Co.*, 81 Mich. 616; *Gardner* v. *Railroad Co.*, 97 Mich. 240; *Houghton* v. *Railway Co.*, 99 Mich. 308; *McGee* v. *Railway Co.*, 102 Mich. 107 (26 L. R. A. 300, 47 Am. St. Rep. 507); *Braudy* v. *Railway Co.*, 107 Mich. 100.

It is the claim of plaintiff that as the fireman and engineer (according to their testimony brought out upon the cross-examination), in the exercise of ordinary care, should have seen the plaintiff when they were 300 feet south of the crossing, and did not see her, but ran over her without even knowing they had struck her, they were guilty of gross negligence; that as there was testimony that the bell was not rung and the whistle blown, and that the train was running 50 miles an hour, the jury should have been allowed to pass upon the question of gross negligence,— citing *Battishill* v. *Humphreys*, 64 Mich. 514;

*Bouwmeester* v. *Railroad Co.*, 63 Mich. 557; *Denman*
v. *Johnston*, 85 Mich. 387; *Schindler* v. *Railway Co.*,
87 Mich. 400; *Richter* v. *Harper*, 95 Mich. 221; *Thomas*
v. *Railway Co.*, 86 Mich. 496; *Montgomery* v. *Rail-
way Co.*, 103 Mich. 54 (29 L. R. A. 287). The cases are
not in point. There is nothing in the record showing that
the train was running 50 miles an hour. On the contrary,
the testimony is that it was running from 12 to 18 miles
an hour. It is true, the engineer and fireman testified
upon cross-examination that, if plaintiff had been stand-
ing on the track, they ought to have seen her. They
both testify that they were keeping watch, but did not
see her. The testimony upon both sides shows that the
crossing was more or less obscured by smoke and steam;
and it is claimed by the plaintiff she was unable to see the
headlight of the locomotive, for that reason, though the
testimony is very conclusive that under ordinary condi-
tions the headlight could be seen for a long distance.
There is nothing in the record to show that the engineer
knew that the plaintiff was in danger, and did not heed
the danger, and that, after knowing that fact, he did or
omitted to do anything he ought to have done to avert the
threatened injury. In *Schindler* v. *Railway Co.*, 87
Mich. 411, Justice LONG defined gross negligence which
would authorize a recovery notwithstanding the contribu-
tory negligence of the plaintiff as follows:

"It means the intentional failure to perform a manifest
duty, in reckless disregard of the consequences, as affect-
ing the life or property of another. It also implies a
thoughtless disregard of consequences, without the exer-
tion of any effort to avoid them."

See, also, *Richter* v. *Harper*, 95 Mich. 221.

Even if the engineer had seen the plaintiff (the undis-
puted testimony is that he did not see her), there is
nothing in the record which shows that he had any rea-
son to suppose that she would not hear the sounding of
the bell or blowing of the whistle, which he says were
rung and blown, and would not step aside in time to avoid

any danger from the passing of the train. There is nothing to indicate that the engineer knew that plaintiff had placed herself in a place of danger, and omitted to do what he ought, after knowledge came to him, to protect her from the consequences of her own negligence, or that he did anything likely to cause injury to the plaintiff, indicating an entire or intentional disregard of consequences. See *Borschall* v. *Detroit Railway*, 115 Mich. 473, and cases cited.

Judgment is affirmed.

GRANT, C. J., HOOKER and LONG, JJ., concurred. MONTGOMERY, J., did not sit.