## SIMON *v.* DETROIT UNITED RAILWAY.

1. TRIAL — INSTRUCTIONS — REQUESTS TO CHARGE — APPEAL AND ERROR.

   A party is entitled to have the law of the case stated to the jury by the court, and when this is done it is not error to refuse specific requests.

2. NEGLIGENCE—GROSS NEGLIGENCE—DEFINITION.

   Gross negligence may be defined as the intentional failure to perform a manifest duty in wanton, wilful or reckless disregard of the consequences as affecting the life or property of another, and it also implies a thoughtless disregard of consequences without the exercise of any effort to prevent or avoid them.[1]

3. SAME—GROSS NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DAMAGES.

   Where gross negligence of the defendant causes the injury, the plaintiff may recover notwithstanding his contributory negligence.

4. SAME—GROSS NEGLIGENCE—DISCOVERED PERIL—DAMAGES.

   Where the defendant discovers the peril of the plaintiff seasonably to prevent the accident, but in reckless, wanton or wilful disregard of the consequences omits to do what he ought to do or does what he ought not to do to avoid the accident, he is liable for such negligence.

5. STREET RAILWAYS—COLLISION—PERSONAL INJURIES—QUESTION FOR JURY—APPEAL AND ERROR.

   There is no error in refusing to submit the question of gross or discovered negligence to the jury, in an action by the driver of a wagon to recover for injuries received in a collision with a street car, where plaintiff, although he saw defendant's car coming, attempted to cross the car tracks in front of the approaching car and was struck and injured by it, although the motorman, as soon as he saw plaintiff, put on the reverse and did everything possible to stop the car, according to undisputed testimony of the motorman and passengers.

[1]As to whether wantonness or wilfulness may preclude defense of contributory negligence, see note in 21 L. R. A. (N. S.) 427.

Error to Wayne; Mandell, J. Submitted April 13, 1917. (Docket No. 2.) Decided May 31, 1917.

Case by Moses Simon against the Detroit United Railway for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Benjamin & Betzoldt*, for appellant.

*Corliss, Leete & Moody* (*Frederic T. Harward*, of counsel), for appellee.

FELLOWS, J. The plaintiff was injured on March 21, 1913, while attempting to cross the tracks of defendant on Fort street, in the city of Detroit. He brought this action in the Wayne circuit court, and failed to recover at the hands of a jury; he brings the case here for review. It is his claim that he was driving west on Fort street with a one-horse junk wagon, on the forenoon in question, with 14 bags of bottles on the wagon; that as he approached the intersection of Campau street he got off to fix one of the bags which was striking the wheel; that, desiring to go on Campau, he looked both ways to see if there was an approaching car; that there was no car coming from the west, that he saw a car some distance away, coming from the east; that it was such a distance away he supposed, and had a right to suppose, that he had ample time to cross the tracks before the car reached Campau, and that he turned across the track, continuing to look at the approaching· car; that the car was running 25 to 30 miles an hour, and before he was able to get across he was struck and injured. He claims that the defendant was negligent, and that he was free from any negligence contributing to the injury. The defendant claims that the plaintiff, when the car was within 15 or 20 feet of him, swung in ahead of the car to go down Campau; that the car was

running six or seven miles an hour; that its motorman at once applied the brakes and reversed the car and stopped it as soon as possible; that it was not negligent; and that the plaintiff was guilty of contributory negligence.

The only errors discussed in plaintiff's brief, and therefore before us, relate to the refusal of the court to charge the jury as requested. Seven of the requests relate to what would constitute actionable negligence on the part of defendant and contributory negligence on the part of the plaintiff. The other three relate to the refusal of the court to submit the question of gross negligence to the jury.

It is not urged in the brief that any error was committed in the charge as given, and we are unable to discover any; it very clearly states the law applicable to the case. Several of plaintiff's requests were from charges that have been approved by this court, and correctly state the law.

It is the duty of the court to prepare the charge; requests perform an important function in calling his attention to the rules of law applicable to the case and the claims of parties, and, where they correctly state the law, may well be incorporated in the general charge, but where the charge covers the law of the case and the requests are given in substance, no error can be predicated upon the refusal to use counsel's language, or the language of an approved charge. A general charge covering the claims of the parties and the law applicable to the case will usually be better understood by the jury, and more helpful to them in reaching a correct solution of the case, than the reading of isolated requests. A party is entitled to have the law of the case stated to the jury by the court, and, when this is done, it is not error to refuse specific requests. *Westra* v. *Estate of Westra,* 101 Mich. 526 (60 N. W. 55) ; *Barschow* v. *Railway Co.,* 147 Mich.

226 (110 N. W. 1057); *Comstock* v. *Township of Georgetown,* 137 Mich. 541 (100 N. W. 788); *People* v. *Hubbard,* 92 Mich. 322 (52 N. W. 729); *Stevens* v. *Pendleton,* 94 Mich. 405 (53 N. W. 1108). In the instant case the court, in a concise charge, covered the law of the case, and in apt language gave to the jury the substance of such requests as plaintiff was entitled to.

Gross negligence may be defined as the intentional failure to perform a manifest duty, in wanton, wilful, or reckless disregard of the consequences, as affecting the life or property of another. It also implies a thoughtless disregard of consequences, without the exercise of any effort to prevent or avoid them. *Schindler* v. *Railway Co.,* 87 Mich. 400 (49 N. W. 670); *Denman* v. *Johnston,* 85 Mich. 387 (48 N. W. 565); *Buckley* v. *Railroad Co.,* 119 Mich. 583 (78 N. W. 655); *Berry* v. *Railway Co.,* 173 Mich. 181 (138 N. W. 1038); *Knickerbocker* v. *Railway Co.,* 167 Mich. 596 (133 N. W. 504); *Merritt* v. *Foote,* 128 Mich. 367 (87 N. W. 262); *Putt* v. *Railway Co.,* 171 Mich. 216 (137 N. W. 132); *Wexel* v. *Railway Co.,* 190 Mich. 469 (157 N. W. 15).

Where gross negligence of the defendant causes the injury, the plaintiff may recover, notwithstanding his contributory negligence. Where the defendant discovers the peril of the plaintiff seasonably to prevent the accident, but in reckless, wanton, or wilful disregard of the consequences he omits to do what he ought to do, or does what he ought not to do, to avoid the accident, he is liable.

We have searched this record with care and failed to find any evidence showing, or tending to show, any facts which would justify the submission of the question of gross or discovered negligence to the jury. This is not a case where the plaintiff was driving on the track ahead of the car, and was for considerable

distance in plain view of the motorman; the accident occurred while plaintiff was attempting to cross the tracks. There is nothing in the record showing, or tending to show, that the motorman knew that plaintiff was in danger, or did not heed the danger, and after ·knowing that fact, he, the motorman, did or omitted to do anything which would have avoided the accident; on the contrary, the motorman's testimony that as soon as he saw plaintiff he put on the reverse and did everything possible to stop the car is undisputed and is corroborated by the testimony of passengers on the car. Under these circumstances there was no error in refusing to submit the question of gross negligence to the jury.

It follows that the judgment should be, and it is, affirmed, with costs to the defendant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.