HUDSON *v.* GRAND TRUNK WESTERN RAILWAY CO.

1. RAILROADS—NEGLIGENCE—EXCESSIVE SPEED—QUESTION FOR JURY.
   In an action against a railroad company for personal injuries and damages to plaintiff's automobile received in a collision with defendant's train on a public crossing in a village street, whether it was negligence, under the circumstances shown, for defendant to run its train through the village at a rate of 40 to 45 miles an hour, *held*, properly submitted to the jury.

2. SAME — FAILURE TO HAVE ELECTRIC CROSSING BELL IN ORDER —QUESTION FOR JURY.
   Whether defendant was negligent in failing to have its electric bell at said crossing in working order on the day in question, *held*, correctly submitted to the jury under proper instructions.

3. SAME — FAILURE TO BLOW CROSSING WHISTLE—QUESTION FOR JURY.
   Testimony by a witness in a carriage a few feet in advance of plaintiff's automobile and by both plaintiff and his wife that they listened but heard no crossing whistle sounded, *held*, more than mere negative testimony.

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Where the street on which plaintiff was traveling ran nearly parallel with defendant's tracks for some distance and then crossed them, and plaintiff's view was obscured by buildings and foliage until he was very close to the track, which he approached slowly and looked and listened, but did not discover the approaching train until too late to avoid the collision, the question of his contributory negligence was properly submitted to the jury.

On care required of driver of automobile at railroad crossing, see notes in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

On private action for violation of statutory limitation of speed of railroad train, see notes in 9 L. R. A. (N. S.) 373; L. R. A. 1915E, 538.

*Continued from Vol. 226.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 23, 1924. (Docket No. 149.) Decided April 10, 1924.

Case by John Hudson against the Grand Trunk Western Railway Company for personal and other injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*H. R. Martin*, for appellant.

*Harry C. Howard*, for appellee.

BIRD, J. While plaintiff and his family were crossing the intersection of West Prairie street and defendant's railway, in the village of Vicksburg, their Ford automobile was struck by defendant's east-bound passenger train. The collision resulted in the death of his baby, 13 months old, injuries to himself, wife and 3-year-old boy, and the destruction of his automobile. Plaintiff began this suit to recover for his personal injuries, and also the damage to his car. The jury awarded him $2,212.

Defendant's counsel considers his assignments of error under two heads, and contends:

(1) That no actionable negligence was shown against the defendant.

(2) That the testimony shows plaintiff was guilty of contributory negligence, as a matter of law.

1. The principal items of negligence asserted by the plaintiff in his declaration and proofs were excessive speed, failure to keep the electric crossing bell in repair, and a failure to give the customary crossing signal. The testimony shows the train was moving from 40 to 45 miles an hour. Whether that rate of speed was excessive is a relative one. It depends on the attendant circumstances. A rate of 40 or 45

miles an hour in the open country would not be negligence, as a matter of law, and conditions might be such that it would not be negligence to pass through a village at that rate of speed.    It would depend, however, on how well the crossing or crossings were protected, how straight the track was, whether the view of one crossing the tracks would be obstructed by curves, cars, foliage or buildings.    *Thayer* v. *Railway Co.*, 93 Mich. 150; *Guggenheim* v. *Railway Co.*, 66 Mich. 150; *Ommen* v. *Railway Co.*, 204 Mich. 392, and cases cited; *Butler* v. *Railway*, 99 Me. 149 (58 Atl. 775, 105 Am. St. Rep. 267); *Chicago, etc., R. Co.* v. *Crose*, 214 Ill. 602 (73 N. E. 865, 105 Am. St. Rep. 135); *Hicks* v. *Railroad Co.*, 164 Mass. 424 (41 N. E. 721, 49 Am. St. Rep. 471); *Haley* v. *Railway Co.*, 197 Mo. 15 (93 S. W. 1120, 114 Am. St. Rep. 743).

Ruling Case Law states the rule, as follows:

"The general rule is that in the absence of a prohibitory statute or ordinance a railroad company may ordinarily run its trains at such speed as it sees fit, and that a charge of negligence cannot be predicated on the rate of speed at which a train is run, unless there are attendant circumstances which make such speed negligence.    A rate of speed that would be entirely safe under some conditions may, however, be recklessly dangerous under other conditions, and it is generally held that it is for the jury to determine whether or not the speed at which a train was operated was negligent under all the circumstances." 22 R. C. L. p. 947.

Whether it was negligent operation for defendant to run its train from 40 to 45 miles an hour through a village of 1,600 inhabitants under the conditions which existed there on that day was a question of fact which was properly submitted to the jury.

It was also shown that the electric crossing bell was out of repair and did not ring as the train approached. There did not appear to be much conflict in the evi-

dence on this question. The trial court, in submitting that question to the jury, said:

"Plaintiff also claims that the defendant company was guilty of negligence in carelessly permitting the crossing bell to be out of order, out of repair. The company have adopted this sort of device as a warning to the public, and assume the duty and responsibility of caring for and maintaining that device so that it will give timely warning to the traveling public. The company, in adopting that did not become absolute insurers that it would always be in perfect order or always serve as a perfect warning to the public. But having adopted that device, it owes a duty to the public to use reasonable care to keep that device in working order, and if it neglects or fails to have the device in working order then it would be guilty of negligence in that respect."

This charge is in accord with the doctrine laid down in the following cases: *Tobias* v. *Railroad Co.*, 103 Mich. 330; *Coston* v. *Railroad Co.*, 201 Mich. 232; *Crawford* v. *Railroad Co.*, 207 Mich. 159; *Amedeo* v. *Railway Co.*, 215 Mich. 37.

See, also, *Headley* v. *Railroad Co.*, 12 N. C. C. A. 219 (60 Colo. 500, 154 Pac. 731).

It was shown by the testimony that no crossing whistle was sounded. Counsel makes the point that the testimony relied on to show that no whistle was sounded was negative testimony. We cannot agree with counsel in this contention. The testimony on this question was in conflict. Emma Renner, one of the ladies in the carriage a few feet in advance of plaintiff, testified as follows:

"*Q.* What precaution did you take as you approached the crossing to see whether a train was coming?

"*A.* After we got near the track, we listened for the bell to see whether the train was coming and heard no bell or whistle and as we got near the track, there was some little girls about 8 or 10 years old back near the track and we stopped our horse and asked them to go and look and see whether a train was coming,

and they said: 'Mrs. Renner, never mind; there is no train coming; the bell is not ringing; you are all right; you can go across.'    I could not see where I was.

"Q. What was there to prevent it?

"A. We were right by Burrows' house."

Both plaintiff and his wife testified that the whistle was not sounded, and that they were listening.    This makes their testimony something more than mere negative testimony.    *Tietz* v. *Railway Co.,* 166 Mich. 205; *McDuffie* v. *Railway Co.,* 98 Mich. 356.    For a review of the Michigan authorities on this question, see *Lambert* v. *Railway Co.,* 209 Mich. 107.

2. We are also of the opinion that the question of plaintiff's negligence was one for the jury.    It appears that West Prairie street ran nearly parallel with defendant's tracks for some distance and then crossed them, and as plaintiff approached this crossing on Sunday afternoon, June 4, 1922, his view was obscured by buildings and foliage until he was very close to defendant's north track.    As he approached the track he was traveling about ten miles an hour.    Immediately ahead of him were two ladies with a horse and carriage.    By reason of this he was obliged to slow down to about two miles an hour.    The ladies did not see the approaching train until their attention was called to it.    When they discovered it they whipped their horse and barely cleared the track in safety.    Plaintiff looked and listened but neither saw nor heard anything until he was entering on the north track.    Reliance was placed upon the fact that the electric crossing bell did not ring, and that no crossing signal was sounded.    Reliance was also placed upon what the young girls said to the ladies in the carriage.    There were so many factors which had to be considered in determining plaintiff's negligence, we think the trial court properly put that burden upon the jury.    There was sufficient testimony upon each

one of the three grounds of negligence to send them to the jury.

We discover no error in the submission of the case and the judgment will be affirmed.

CLARK, C. J., and MCDONALD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. SHARPE, J., did not sit.