PATTON v. GRAND TRUNK WESTERN RAILWAY CO.

1. RAILROADS—FAILURE TO GIVE CROSSING WARNING—EVIDENCE—NEGATIVE TESTIMONY.

In an action against a railway company for the alleged negligent killing of plaintiff's decedent at a railroad crossing partly blocked by a caboose standing on the south track, testimony of two witnesses, who at the time of the

Evidence, 23 C. J. § 1786; Railroads, 33 Cyc. pp. 962, 1034, 1055, 1099, 1101, 1104, 1108, 1113, 1129, 1138; Negligence, 29 Cyc. pp. 423, 509, 636; 24 R. C. L. 1024; 3 L. C. L. Supp. 1300; Gross Negligence, 20 L. C. L. 23; 3 L. C. L. Supp. 1020; 4 R. C. L.

accident were waiting to make the crossing in question, that they looked and listened.but heard no warning given by the approaching train on the north track, removes it from the domain of mere negative testimony, and was sufficient to carry to the jury the question of defendant's negligence in failing to give said warning.

2. SAME—DUTY OF BRAKEMAN IN CHARGE TO SAFEGUARD TRAVELING PUBLIC—RIGHT TO RELY ON HIS SIGNAL.
Where a railroad crossing over a public highway was partly blocked by a caboose standing on the south track, it was the duty of the rear brakeman who was left in charge thereof, as a matter of law, to look out for the safety of the traveling public who were attempting to make the crossing, and when he waved them across they had a right to rely on his invitation, unless the danger of so doing was very obvious.

3. SAME—NEGLIGENCE—QUESTION FOR JURY.
Whether the brakeman signaled to decedent and others that it was safe for them to attempt to make the crossing, which was in dispute, was properly submitted to the jury.

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
Whether plaintiff's decedent was guilty of contributory negligence, in view of the contradictory testimony as to whether defendant's brakeman signaled him that it was safe to make the crossing, held, a question for the jury.

5. NEGLIGENCE—GROSS NEGLIGENCE DEFINED.
Gross negligence, such as authorizes a recovery for a negligent injury notwithstanding plaintiff's contributory negligence, is an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them.

6. RAILROADS—GROSS NEGLIGENCE—QUESTION FOR JURY.
Where defendant's brakeman, who had been left in charge of a caboose standing on the south track that partly blocked the crossing, knew that a fast passenger train was about due on the north track, and, instead of standing on the north side of the caboose, where he could have seen the train coming, stood on the south side and signaled

Supp. 1325; Excessive Verdict, L. R. A. 1916C, 810, 820; 8 L. C. L. 673; 2 L. C. L. Supp. 638; 5 R. C. L. Supp. 480; Death, 17 C. J. § 235.

that the crossing was safe, which resulted in plaintiff's decedent being struck and killed, the question of defendant's gross negligence was properly submitted to the jury.

7. PLEADING—GROSS NEGLIGENCE PROPERLY CHARGED.

In view of allegations in the third count of the declaration charging gross, wanton, and wilful negligence, defendant's contention that there was nothing in the declaration charging gross negligence is without merit.

8. TRIAL—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—GROSS NEGLIGENCE.

An instruction by the trial court that if the jury found defendant guilty of gross negligence they need not consider the question of plaintiff's contributory negligence was correct.

9. RAILROADS—TRIAL—INSTRUCTIONS NOT PREJUDICIAL.

Defendant's contention that the charge of the court was unduly prejudicial to it, *held*, not sustained by the record.

10. DAMAGES—EXCESSIVE VERDICT.

A verdict for $8,560 for the death of plaintiff's decedent, who was 57 years of age, in good health, had an expectancy of 15 years, and conducted a draying business, cannot be said to be excessive.

Error to Eaton; McPeek (Russell R.), J.    Submitted April 23, 1926.    (Docket No. 29.)    Decided October 4, 1926.    Affirmed on rehearing May 3, 1927 (238 Mich. ——).

Case by Laura E. Patton, administratrix of the estate of Birt B. Patton, deceased, against the Grand Trunk Western Railway Company for the negligent killing of plaintiff's decedent.    Judgment for plaintiff. Defendant brings error.    Affirmed.

*H. R. Martin* (*Leo J. Carrigan,* of counsel), for appellant.

*Maxwell B. Allen* and *John C. Davis,* for appellee.

BIRD, C. J.    Plaintiff's decedent was a drayman in

Charlotte.    On January 15, 1923, he was driving a Ford truck north on the Verona highway toward Battle Creek.    When he reached the Grand Trunk Western Railway the crossing was blocked by a freight train which was moving slowly in an easterly direction on the south track.    A short distance west of the intersection the caboose was cut off from the train and stopped on the highway crossing, partially blocking travel.    There was just enough room to drive around the west end of the caboose on the planking.    A few moments after the arrival of plaintiff's decedent Mr. Volkner arrived in a Ford roadster and took a position west of the Ford truck.    Following this Mr. Fischer came up with the touring car and took a position west of the roadster.    After the caboose stopped the brakeman walked along the south side of the caboose, and Mr. Volkner called to him and made inquiry as to whether the way was clear.    The brakeman, after looking west and north, replied by motioning the parties across, around the west end of the caboose.    Fischer and Volkner took the lead and crossed in safety.    Plaintiff's decedent followed, but the fast passenger train going west on the north track struck the Ford truck amidship and killed Mr. Patton.    His wife, as administratrix, brought this suit to recover damages for his estate.    The recovery was based upon the failure of defendant to give due warning of the approach of the passenger train, and also for the negligent act of the brakeman in extending an invitation to plaintiff's decedent to cross in front of the approaching train.    The trial resulted in a verdict for plaintiff of $8,560.

Defendant raises the following questions:

(1) No negligence on the part of the defendant was shown which was the proximate cause of the injury to and the death of the decedent.

(2) Under the uncontradicted evidence plaintiff's

decedent was guilty of contributory negligence as a matter of law.

(3) The trial judge erred in charging the jury that they might find the defendant liable because of gross negligence or wilful or reckless misconduct arising out of the conduct of defendant's brakeman, LaBarre.

(4) The trial judge erred in charging the jury that if they found the defendant liable because of the conduct of defendant's brakeman, LaBarre, that in that event they need not consider the question of contributory negligence of the decedent.

(5) The charge of the trial court was unduly prejudicial to the defendant.

(6) The verdict is grossly excessive in amount.

1. Did the passenger train give due warning of its approach?    As usual, the testimony on this question was in conflict.    Defendant asserts that plaintiff's testimony was negative testimony and should not have been admitted.    Both Volkner and Fischer testified that before starting across they listened and looked to the east, but their view was obstructed by the freight train and the smoke of its locomotive.    Both of these witnesses were engaged in the business of making that crossing, and their testimony that they looked and listened removes it from the domain of negative testimony.    Their testimony fully met the test applied in *Lambert* v. *Railway Co.,* 209 Mich. 107, and is supported by the ruling in *Hudson* v. *Railway Co.,* 227 Mich. 1.    We think there was no error in submitting the question to the jury.

The other ground of negligence relates to the conduct of the brakeman.    It was shown by the proof that it was the duty of the rear brakeman, who was left with a part of the train, to not only protect the company's property but to protect travelers who were seeking to make the crossing from accidents.    Aside from this proof, however, we think it was the duty of the brakeman, as a matter of law, to look out for the safety of the traveling public, who were attempting

236—Mich.—12.

to make a passage over the partially blocked crossing, and when he waved the travelers across they had a right to rely on his invitation, unless the danger of so doing was very obvious. The brakeman makes some claim that as soon as he saw the danger he ran from the east end of the caboose to the west and called to plaintiff's decedent to stop, and that he did stop. This is flatly disputed by Fischer, who says that Patton followed close behind him, that he had cleared the train only a few feet when plaintiff's decedent was struck. This conflict made that testimony a question for the jury. The negligence of defendant was clearly a question of fact upon both questions.

2. Was plaintiff guilty of contributory negligence? The jury, under the proofs, had the right to assume that plaintiff's decedent went across upon the invitation of the brakeman. He had the right to assume that when he got the invitation to go around the end of the caboose he could do so with safety. It was an invitation which would be accepted by most travelers, but the testimony being in conflict was one for the jury.

3. The trial court instructed the jury that:

"If you find from a consideration of the acts and conduct of Mr. La Barre, the company's employee, and by a preponderance of the evidence, that the company was guilty of such wilful or reckless misconduct, then your verdict will be for the plaintiff, even though you should find or believe that the deceased was himself guilty of contributory negligence."

Counsel insist that there is no room in the facts of this case to find gross negligence.

Various definitions have been given of gross negligence by the courts. The definition which this court has frequently given is:

"Gross negligence, such as authorizes a recovery for a negligent injury, notwithstanding plaintiff's contributory negligence, is an intentional failure to per-

form a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Denman* v. *Johnston,* 85 Mich. 387; *Frost* v. *Railroad Co.,* 96 Mich. 470; *Knickerbocker* v. *Railway Co.,* 167 Mich. 596; *Wexel* v. *Railway Co.,* 190 Mich. 469; *Vought* v. *Traction Co.,* 194 Mich. 343; *Simon* v. *Railway,* 196 Mich. 586.

Measuring the brakeman's conduct by this rule, we think the trial court was in no error in submitting the question to the jury. The brakeman was left in care of the caboose. It nearly blocked the highway. He knew it was difficult for travelers coming from the south to make the crossing in safety. He knew the fast passenger train was about due. He could easily have stood on the north side of the caboose and commanded the whole situation, instead of remaining on the south side. He could, in that position, have seen the passenger train when it was some distance away, and in season have warned the travelers that he had invited to cross. Very slight precaution upon his part would have avoided the injury. We think it was proper to submit the question to the jury as to whether defendant was guilty of gross negligence.

But counsel says there was nothing in the declaration charging gross negligence, and, therefore, should not have been permitted to make proof of it. The third count of the declaration alleges:

(*a*) "Which said conduct and negligence on the part of said defendants, their servants and employees, was and is hereby charged by plaintiff to be gross, wanton, and wilful negligence.

(*b*) "Whereby plaintiff's intestate, on account of the gross, wanton, and wilful negligence of said defendant, was struck with great force and violence while on said railroad crossing."

In view of these allegations, we think this point is without merit.

4. Complaint is made because the trial court instructed the jury that if they found the defendant guilty of gross negligence they need not consider the question of the contributory negligence by plaintiff. The instruction appears to be correct. *Simon* v. *Railway,* 196 Mich. 586.

5. Counsel argues that the charge of the court was unduly prejudicial to the defendant. We have read the charge carefully and find that it leaves no such impression upon us.

6. It is said that the verdict is excessive. Plaintiff's decedent was 57 years of age and in good health. His expectancy was 15 years. He was conducting a draying business in Charlotte. We think the verdict was clearly within the range of the testimony and should not be disturbed.

The judgment will be affirmed.

STEERE and WIEST, JJ., concurred with BIRD, C. J. SNOW, FELLOWS, CLARK, and McDONALD, JJ., concurred in the result. SHARPE, J., did not sit.