PATTON *v*. GRAND TRUNK WESTERN RAILWAY COMPANY.

RAILROADS—CONTRIBUTORY NEGLIGENCE—GROSS NEGLIGENCE.

Where a brakeman stood behind a caboose standing on the south track, where his view was obstructed, and signaled north-bound automobile drivers that the crossing was safe, and after two had crossed safely plaintiff's decedent attempted to cross, but was struck and killed by a train approaching on the north track, the brakeman's failure to discover the approaching train and warn decedent after he had started was subsequent or gross negligence rendering the railroad company liable, notwithstanding decedent was guilty of contributory negligence in attempting to cross without ascertaining whether the crossing remained safe after the signal to cross had been given. FELLOWS, WIEST, and CLARK, JJ., dissenting in part.

Error to Eaton; McPeek (Russell R.), J.    Submitted April 23, 1926.    (Docket No. 29.)    Decided October 4, 1926.    Resubmitted February 4, 1927. Former opinion affirmed May 3, 1927.

Case by Laura E. Patton, administratrix of the estate of Birt B. Patton, deceased, against the Grand Trunk Western Railway Company for the negligent killing of plaintiff's decedent.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*H. R. Martin* (*Leo J. Carrigan*, of counsel), for appellant.

*Maxwell B. Allen* and *John C. Davis*, for appellee.

ON REHEARING.

BIRD, J.    This case has been considered again, on rehearing.    Mr. Justice CLARK has written on the re-

Railroads, 33 Cyc. p. 1034; 41 A. L. R. 1379; 69 L. R. A. (N. S.) 516; 20 R. C. L. 145; 3 R. C. L. Supp. 1039; 4 R. C. L. Supp. 1340; 6 R. C. L. Supp. 1194.

hearing. I am in accord with his conclusion, but am at variance with his statement that "the theory of gross negligence ought to have been omitted from the charge." It is conceded that LaBarre, the brakeman in charge, waved the waiting vehicles across the track behind the caboose. The occupants of the vehicles could not see the west-bound track to the east, and but for the brakeman's invitation it was a negligent act upon their part to attempt to cross behind the caboose without knowing what was on the west-bound track at the east. But, being assured by the brakeman's invitation, Volkner started across. As soon as he had cleared Fischer followed him. When he moved up plaintiff's decedent started. He started into a place of danger but did not know it. The brakeman claims he did not know it until later, when conductor Clark notified him. It was his duty to know it. He was at the rear end of the caboose, and by taking two or three steps to the north, where he could have seen east on the west-bound track, he could have observed the passenger train approaching, and could have kept plaintiff's decedent from going across. Had he done so, this lawsuit would not be here now, but plaintiff's decedent would be. His failure to ascertain that plaintiff's decedent was going into the danger zone and notify him was subsequent or gross negligence. *Denman* v. *Johnston*, 85 Mich. 387; *Frost* v. *Railroad Co.*, 96 Mich. 470; *Knickerbocker* v. *Railway Co.*, 167 Mich. 596; *Wexel* v. *Railway Co.*, 190 Mich. 469; *Vought* v. *Traction Co.*, 194 Mich. 343; *Simon* v. *Railway*, 196 Mich. 586; *Flanagan* v. *Arnold*, 236 Mich. 180.

The negligence of plaintiff's decedent was in attempting to make the crossing behind the caboose over a double track without learning what was coming on the north track. For this he relied upon the assurance of the brakeman. But conditions changed after

the other two men started across and before he attempted it. It was then hazardous. The brakeman should have discovered this and protected him. His failure to do so was subsequent or gross negligence. I am unable to see anything in this contention which in any way conflicts with the holding in *Gibbard* v. *Cursan*, 225 Mich. 311.

The judgment of the trial court is affirmed.

SHARPE, C. J., and SNOW, STEERE, and McDONALD, JJ., concurred with BIRD, J.

CLARK, J. A rehearing was granted in this cause because of what was said in the opinion (236 Mich. 173) relative to gross negligence and to wilful or reckless misconduct on the part of the brakeman. It should be noted that the brakeman testified that before he gave the signal to deceased to cross the tracks he did look east and down the main line in the direction from which the passenger train came, and that he saw some smoke "away down there"; "which might have been" the passenger train.

Plaintiff's principal witness, Volkner, also gave some testimony to the effect that before the brakeman gave the signal to cross he was in a position where he might have seen a train approaching on the said main line. There is also evidence that the brakeman did not so look east on the main line. If the brakeman signaled the deceased to cross the tracks without ascertaining whether the passenger train was approaching, he was negligent. If he looked, as he says, the evidence shows that he must have looked carelessly and negligently and failed to see the oncoming train. The brakeman testified that when he discovered the passenger train was approaching the crossing he warned deceased to stop. Plaintiff's testimony is contradictory of that, and indicates that the brakeman had neither time nor opportunity so to do.

Plaintiff made out a strong case of actionable negligence against defendant, and it will not be heard to complain that the question of deceased's contributory negligence was submitted to the jury.

The theory of gross negligence ought to have been omitted from the charge. There is no evidence of actionable subsequent negligence against the defendant. Clearly, the engineer of the passenger train could not have stopped such train after discovering deceased's peril, could not have done more than he did do. The brakeman's negligent act in signaling deceased to cross was antecedent to, if not concurrent with, in point of time, any negligence which might be urged against the deceased as contributory. There is no room on the record to claim antecedent negligence of plaintiff and subsequent negligence of defendant, and hence no gross negligence. Cooley on Torts (2d Ed.), p. 674, cited in *Gibbard* v. *Cursan*, 225 Mich. 311.

Nor can it be said that defendant could be charged with wilful, wanton, or reckless misconduct. If it so offended, it was by its brakeman. To so hold, would mean that the brakeman signaled the deceased to cross when it must have been apparent to him, having an ordinary mind, that the result was likely to prove disastrous to the deceased. 69 L. R. A. 516; 20 R. C. L. p. 145. The record will not support such a holding. The brakeman was guilty of ordinary negligence, nothing more. But, in view of the character and certainty of the evidence of negligence, we think it should be held that the error of the charge was without prejudice, and that, therefore, Mr. Justice Bird is right in concluding that the judgment should be affirmed.

Fellows and Wiest, JJ., concurred with Clark, J.